**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                           CASE NO: 8:14-cr-379-T-36TGW

**JUAN RODRIGUEZ ACOSTA**,
**EFRAIN BILBAO VARELA**,
**JESUS HERNANDEO ANGULO**
**MOSQUERA, and**
**ARLEY LOPEZ ENCISO**
_____/

**O R D E R**

This matter comes before the Court upon the Government's Motion to Continue Trial (Doc. 264), and the Defendants' response thereto (Doc. 267). In the motion, the Government argues that the trial in this matter should be continued due to the unavailability of essential witnesses. A hearing was held on this motion on July 7, 2015. The Court, having considered the motion and being fully advised in the premises, will grant the Government's Motion to Continue Trial.

**I.    *Background***

The trial of this matter commenced on June 8, 2015. After four days of testimony, a mistrial was declared in this action on June 12, 2015. *See* Doc. 231. At a status conference held on June 16, 2015, Defendants revoked any and all previous waivers of speedy trial. *See* Doc. 243. Subsequently, Defendants filed a written demand for a speedy trial (Doc. 248).

Pursuant to the Speedy Trial Act ("STA") the retrial of this case must begin within seventy days of the declaration of the mistrial. *See* 18 U.S.C. § 3161(e). The parties agree that seventy days from June 12, 2015 falls on August 21, 2015. *See* Doc. 264 ¶ 5; Doc. 267 ¶ 6.[1] Therefore, if the

---

[1] The parties' calculation does not exclude time due to the filing of any pretrial motions. Here, Defendants filed motions after the mistrial was declared. *See* Docs. 258, 260, and 263. The time from the filing of pretrial motions through the prompt disposition of the motions is excludable

retrial does not begin on or before August 21, 2015, the charges must be dismissed with or without prejudice. However, the STA provides for excludable time periods related to, *inter alia*, pre-trial motions and the unavailability of essential witnesses. Thus, the 70-day period does not mean 70 consecutive days. The retrial in this matter was initially set to begin on August 10, 2015. *See* Doc. 274.

The Government has moved for a continuance of the trial arguing that two of its essential witnesses are unavailable from July 11, 2015 to September 21, 2015 because they are Coast Guard employees who will be at sea during this time period. The Defendants argue that the witnesses, though essential, are not unavailable, and that their presence at trial could be secured through due diligence.

## II.   Discussion

The STA excludes from the calculation of the seventy-day period "[a]ny period of delay resulting from the absence or unavailability of a defendant or an essential witness." 18 U.S.C. § 3161(h)(3)(A). "[A]n essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B). Here, the Government contends that § 3161(h)(3)(A) is applicable because two of its essential witnesses – Coast Guard Petty Officers Omar Castro and Reymond Pejera – are "unavailable" as their presence could not be obtained by "due diligence" until after September 21, 2015. The Eleventh Circuit has held that time when essential Coast Guard witnesses are deployed to sea is excludable under the STA. *United States v. Barragan*, 793 F.2d 1255, 1258 (11th Cir. 1986). However, the burden is on the Government to

---

time. 18 U.S.C. § 3161 (h)(1) (D). *See,* for example, *U.S. v. Severdija*, 723 F.2d 791 (11th Cir. 1984) (statutory exclusion applied to all pretrial motions)..

prove that these witnesses are both essential and unavailable under the statute. 18 U.S.C. § 3162(a)(2).

Here, Defendants have conceded that Castro and Pejera are essential witnesses under the STA. Doc. 267 ¶ 2. Accordingly, the Government only needs to establish that the witnesses are unavailable to testify at trial beginning on August 10, 2015, despite due diligence. At the hearing on this matter, Assistant United States Attorney ("AUSA") Joseph Ruddy explained his efforts to secure the presence of these witnesses for trial prior to the STA deadline of August 21, 2015. Following the hearing, AUSA Ruddy also filed a declaration in support of the witnesses' unavailability. *See* Doc. 275-1.

AUSA Ruddy explained that he spoke with Lt. Commander Marcus Ivory, the executive officer of the vessel Castro and Pejera are assigned to (the Legarre), who informed him that Castro and Pejera were being deployed on patrol from July 11, 2015 to September 21, 2015. AUSA Ruddy asked whether Castro and Pejera could be brought back to Tampa to testify at any time during their patrol. Ivory informed AUSA Ruddy that this would not be possible because both officers have significant duties on board and are critical members of the patrol crew. On July 3, 2015, AUSA Ruddy also spoke with James Carlson, the Staff Judge Advocate for the local division of the Coast Guard, to ask whether Castro and Pejera could be replaced on the Legarre and to confirm that their presence was critical to the Legarre's patrol. The Government has also filed a sworn declaration given by Carlson confirming these facts. *See* Doc. 275-1.

The Defendants argue that the Government has not met its burden to prove that it has exercised due diligence in attempting to secure the presence of these witnesses at trial. First, Defendants attempt to distinguish *Barragon* due to the fact that the Coast Guard witnesses were already out to sea at the time the motion to continue was filed. However, there is no suggestion

that such a fact was a material, let alone decisive, factor in the Court's decision. The only relevant inquiry is whether the witnesses will be unavailable at the time of trial.

Defendants also argue that the Government has not been sufficiently diligent in attempting to secure the presence of these witnesses at trial. Defense counsel stated that their "sources" have informed them that returning Coast Guard employees for trial is "no problem" and that if the "government needs the witness, the witness will be there." However, defense counsel could not identify these "sources" and did not provide the Court with any sworn statements that would contradict the Government's statements of unavailability. Accordingly, the Government has met its burden to show that the witnesses are essential and unavailable from July 11, 2015 to September 21, 2015. Accordingly, these 72 days are excluded from the calculation of the time for retrial under the STA.

Between the date of the mistrial and July 11, 2015, twenty-nine days passed, leaving 41 days of speedy trial time. Thus, the trial must begin within 41 days of the end of the excludable time, which is September 21, 2015. Thus, the retrial of these defendants must begin prior to November 1, 2015, not considering the additional time that is excluded due to the filing of pretrial motions. Accordingly, it is hereby

**ORDERED**:

1. The Government's Motion to Continue Trial (Doc. 264) is **GRANTED**.

2. The trial in this matter will begin on October 13, 2015 at 9:00 a.m. in Courtroom 13A at the Samuel Gibbons Courthouse, 801 N. Florida Ave., Tampa, FL 33602.

**DONE AND ORDERED** in Tampa, Florida on July 28, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any