UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO: 8:14-cr-379-CEH-TGW-1

JUAN RODRIGUEZ ACOSTA

_____/

**ORDER**

This matter comes before the Court upon the Petition/Motion for Compassionate Release/Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A) & 4205(G) as amended by the First Step Act [Doc. 608] and the United States' Response [Doc. 629]. In the motion, Defendant Juan Rodriguez Acosta seeks a reduction of his term of imprisonment based on extraordinary and compelling circumstances due to his age, the amount of time served, and medical conditions related to aging. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Petition/Motion for Compassionate Release/Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A) & 4205(G) as amended by the First Step Act.

**I.   BACKGROUND**

On September 4, 2014, Defendant was indicted for knowingly and willfully combining, conspiring, and agreeing with others, to possess with intent to distribute and to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine **(Count I)** and for knowingly and intentionally, while aiding and abetting each other, possessing with intent to distribute five (5) kilograms

or more of a mixture and substance containing a detectable amount of cocaine **(Count II)**—all while on a vessel subject to the jurisdiction of the United States—in violation of 46 U.S.C. §§ 70503 and 70506 and 21 U.S.C. § 960.[1] [Doc. 10]. He was convicted on both counts following a trial by jury. [Doc. 370]. On January 20, 2016, he was adjudicated guilty of the offenses and sentenced to 235 months' incarceration as to each count, to be served concurrently. [Doc. 464]. The Court's Judgment and Sentence was affirmed on appeal. [Docs. 471, 590]. Defendant then sought modification or reduction of his sentence under 18 U.S.C. §3582(c)(2), based on United States Sentencing Guidelines Amendment 782. [Docs. 597, 599]. The Court determined he was not eligible for a reduction and denied his motion. [Doc. 602]. Defendant is currently incarcerated at Williamsburg FCI, Salters, South Carolina, and scheduled to be released on May 6, 2031. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on November 1 2021).

      Defendant now moves for compassionate release or reduction in sentence based on extraordinary and compelling circumstances related to his age, the amount of time served, and his medical conditions related to aging. [Doc. 608 ¶ 1]. At the time the motion was filed, he was 71-years-old and was experiencing deteriorating mental and physical disorders which allegedly diminish his ability to function in a correctional facility, and for which conventional treatment promises no substantial improvement

---

[1] Count II of the Indictment also cites to 18 U.S.C. § 2.

nor cure. *Id.* ¶ 4. He further represents that he will require assistance to ambulate within the compound to carry out activities of daily living in the near future. *Id.*

The United States opposes the requested reduction. [629]. It argues that Defendant has failed to establish that he ever initiated the administrative remedy process, much less exhaust it. *Id.* ¶¶ 5-7. It then argues that Defendant has failed to carry his burden to establish the necessary factors for consideration under Compassionate Release. *Id.* ¶¶ 6, 7. Additionally, the United States points out that Defendant suffered from the same medical conditions at the time of the offenses, which occurred when he was 66 years of age, which refutes his claim that his medical conditions and advanced age would eliminate his ability to reoffend. *Id.* ¶ 8. It further argues that Defendant has only completed 30% of his sentence and provides no release plan. *Id.*

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it
> has been imposed except that—

>> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act).

Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate

4

has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III. DISCUSSION

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment upon motion of the defendant, *after* the defendant fully exhausts all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

request by the warden of the defendant's facility, whichever is earlier. *United States v. Wren*, 851 F. App'x 931, 935 (11th Cir. 2021). A motion is therefore subject to denial if a defendant fails to exhaust administrative remedies. *See, e.g.*, *United States v. Lee*, 848 F. App'x 872, 875 (11th Cir. 2021) (holding that "district court did not err in finding that Lee failed to exhaust her administrative remedies, and it did not abuse its discretion in denying her compassionate release motion," where she did not wait the required thirty days for a response from the warden before filing her compassionate release motion with the district court).

Defendant states that he submitted a request for consideration for compassionate release to the Warden of the facility and it was denied or no answer was provided within 30 days. [Doc. 608 ¶ 11]. However, there is no documentation to support that Defendant has, in fact, petitioned the Warden as he represents. *See generally Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("[A] sentence in an unsworn brief is not evidence."); *United States v. Trainor*, 376 F.3d 1325, 1334 (11th Cir. 2004) (reasoning that an unsworn recitation of the evidence in one's possession is not evidence). The Court agrees with the United States that Defendant has failed to establish that he even initiated administrative review of his request for compassionate release or exhausted it. *Hamilton*, 715 F.3d at 337 (11th Cir. 2013) (burden is on a defendant to establish that reduction of sentence is appropriate). As such, the motion is due to be denied for lack of administrative exhaustion. See *Lee*, 848 F. App'x at 875.

6

Although the Court need not address the merits of Defendant's request for compassionate release, the motion is due to be denied for additional reasons. First, Defendant's age does not allow for compassionate release or a reduction of his sentence. Even though he passes the age threshold, he has not served the lesser of 10 years or 75 percent of his sentence. *United States v. Bryant*, 996 F.3d 1243, 1250 (11th Cir. 2021) (citing U.S.S.G. § 1B1.13 cmt. n.1(B)). He has only served 5 years of a 19-year sentence. For this same reason, his request for release based on amount of time served lacks merit. Lastly, while Defendant has presented medical records which reflect that he has a history of chronic medical conditions,[3] the most recent notes reflect, among other things, that his lungs and cardiovascular systems are normal, and he has normal neurological function. [Doc. 608-1 at pp. 59, 74, 79, 81, 87, 89]. Based on these observations, Defendant's medical condition does not support a finding of compelling and extraordinary reasons for release. *See United States v. Rind*, 837 F. App'x 740, 743 (11th Cir. 2020) (affirming district court's denial of compassionate release and reasoning that even though the medical records showed defendant suffered from diabetes and hypertension, his conditions were not acute enough to warrant his release after serving less than 15% of his sentence).

Moreover, upon consideration of the facts of the case and Defendant's grounds for relief, the 3553(a) factors weigh against release. Compassionate release or a

---

[3] The medical conditions include hyperintensive disorder, diabetes mellitus, hyperlipidemia, sleep apnea, cardiomegaly, and cyst of the kidney. [Doc. 6-8-1 at p. 84]. He also takes a host of medications related to these conditions. *Id.*

7

reduction in sentence would not appropriately reflect the seriousness of the offenses for which Defendant was convicted and Defendant's role. Defendant served as Captain of a vessel that was trafficking 1483 kilograms of cocaine. [Doc. 590 at pp. 4, 7]. Additionally, this was not his first drug run. *Id.* at pp. 4-5. Based on the seriousness of the offenses, Defendant was sentenced to 235 months (19 years and seven months). This is *just* punishment for the offenses committed by Defendant and releasing him after serving no more than a third of his sentence affords little deterrence to criminal conduct. As such, the § 3553(a) factors do not warrant compassionate relief or reduction of Defendant's sentence. *See United States v. Moss*, No. 21-10635, 2021 WL 3179685, at *2 (11th Cir. July 28, 2021) ("The weight given to any specific § 3553 (a) factor is committed to the sound discretion of the district court. A district court abuses its discretion when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors.") (quotation and citations omitted).

Accordingly, it is hereby **ORDERED**:

I. Defendant's Petition/Motion for Compassionate Release/Reduction in Sentence under 18 U.S.C. 3582(c)(1)(A) & 4205(G) as amended by the First Step Act [Doc. 608] is denied.

II. The Clerk is directed to mail a copy of this Order to Defendant at his current address, Williamsburg FCI, 8301 Highway 521, Salters, SC 29590.

**DONE AND ORDERED** in Tampa, Florida on November 1, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any