# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                CASE NO: 8:14-cr-379-CEH-TGW

JUAN RODRIGUEZ ACOSTA
_____

## ORDER

This matter comes before the Court on Defendant Juan Rodriguez Acosta's Motion for Compassionate Release (Doc. 683).[1] Proceeding *pro se*, Rodriguez Acosta requests compassionate release because of his advanced age, chronical medical conditions, and other reasons. The Government has responded in opposition (Doc. 685).

---

[1] Acosta has also filed a motion for a sentence reduction pursuant to the retroactive application of Amendment 821 of the Sentencing Guidelines. Doc. 678. This Order does not resolve the Amendment 821 motion, which remains pending.

An Administrative Order issued by former Chief Judge Timothy Corrigan set forth a collaborative procedure for determining sentenced individuals' eligibility for retroactive relief under Amendment 821 in the Middle District of Florida. Pursuant to the Administrative Order, the Office of Probation has been directed to prepare a memorandum regarding all potentially qualified individuals' eligibility. The memorandum will be sent to the Court and to the Office of the Federal Defender, which will then be appointed to this action for the limited purpose of filing a notice or motion regarding the sentenced individual's eligibility for resentencing. Ultimately, the Court will determine whether an individual is eligible for resentencing.

Due to the large volume of potentially eligible individuals, this procedure remains ongoing. The Court has not yet received a memorandum from the Office of Probation regarding Acosta's eligibility. Accordingly, the Court cannot make a determination regarding Acosta's eligibility for relief. Upon receipt of the memorandum and in due course, the Court will take action pursuant to the procedure set forth in the Administrative Order.

Upon review and full consideration, and being duly advised in the premises, the Court finds that the motion is due to be denied.

I.  **Background**

Juan Rodriguez Acosta was arrested in August 2014, at the age of 65, and indicted for conspiracy to possess and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Docs. 440, 581.  He was accused of being the captain of a ship that was carrying approximately 42 million dollars' worth of cocaine. *Id.*  After a jury found Rodriguez Acosta guilty of both charges, he was sentenced to a term of 235 months' imprisonment. Doc. 464.  The sentencing range provided by the Sentencing Guidelines called for 292 to 365 months' imprisonment, but the Court imposed a sentence below the Guidelines range because of Rodriguez Acosta's age and medical conditions. Doc. 465, citing 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(D).

Rodriguez Acosta filed his first motion for compassionate release in March 2020. Doc. 608.  As reasons his sentence should be reduced, he cited his age of 71, his medical conditions related to aging, and the amount of time he had served. *Id.*  The Court denied his motion on November 1, 2021, finding that he had failed to exhaust his administrative remedies, that he had not established an extraordinary and compelling reason that warranted compassionate release, and that the sentencing factors under 18 U.S.C. § 3553(a) weighed against release. Doc. 638.

Rodriguez Acosta now moves for compassionate release again. Doc. 683.  He explains that he is 76 years old, has served more than ten years in prison, and is

2

suffering from a number of medical conditions that demonstrate a decline in physical health due to the aging process. *Id.* at 5. In addition, Rodriguez Acosta cites the fact that he is ineligible for home confinement or a halfway house due to his immigration status, and the disparity between his sentence and that of his co-defendants who pleaded guilty. *Id.* at 6-7. With respect to the § 3553(a) factors, he contends that he has been a model prisoner whom the Bureau of Prisons designates as minimum risk, and he is a first-time offender with a non-violent history. *Id.* at 8-13. Rodriguez Acosta provides lengthy medical records and other prison records in support of his motion. Doc. 683-1. He also provides documentation that the warden of his prison facility, Federal Medical Center Rochester, denied his request for compassionate release. *Id.*

The Government opposes Rodriguez Acosta's motion. Doc. 685. The Government argues that he has not established the existence of an extraordinary and compelling reason that warrants compassionate release, because he had medical issues at the time he committed the offense, and he has not shown that his health is significantly deteriorating. *Id.* at 2, 7. In the alternative, the Government contends that the § 3553(a) factors preclude relief. *Id.* at 8. The instant offense involved a particularly large amount of cocaine, it was not Rodriguez Acosta's first drug run,[2] he failed to take responsibility by pleading guilty, and the Court already imposed a below-

---

[2] The Pre-Sentence Investigation Report indicates Acosta and his codefendants had participated in another drug run on the same ship a few months before his arrest for the instant offense. Doc. 440 at 5.

Guidelines sentence. *Id.* The Government does not dispute that Rodriguez Acosta has exhausted his administrative remedies. *Id.* at 5.

## II. Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c), which states, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other

>> person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are exclusively defined by the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023, § 1B1.13(b) lists the following extraordinary and compelling reasons:

> (1) Medical circumstances
> (2) Age
> (3) Family circumstances
> (4) Victim of abuse
> (5) Other reasons
> (6) Unusually long sentence.

U.S.S.G. § 1B1.13(b). Each of these reasons is further defined in the Guidelines' policy statement. The policy statement definitions are binding on courts in this Circuit. *Bryant*, 996 F.3d at 1262.

If the Court finds that one of the reasons listed in 18 U.S.C. § 3582(c)(1)(A) or § 2582(c)(2) is present, it must consider all applicable factors listed in 18 U.S.C. § 3553(a) before it may reduce a defendant's sentence.[3] *See* § 3582(c)(1)(A); *United States*

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

*v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

### III. Discussion

Rodriguez Acosta primarily argues that his medical conditions, his age, and the physical decline in his health due to his age constitute an extraordinary and compelling reason for compassionate release. The Guidelines' policy statement identifies age as an extraordinary and compelling reason if the defendant is at least 65 years old, has served at least ten years or 75 percent of his sentence, whichever is less, and is experiencing a serious deterioration in physical or mental health because of the aging process. U.S.S.G. § 1B1.13(b)(2). Likewise, a medical condition may constitute an extraordinary and compelling reason where, *inter alia*, the defendant is experiencing deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-care within the prison environment. *Id.* § 1B1.13(b)(1)(B)(iii).

---

to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Rodriguez Acosta is 76 years old and has served more than ten years of his sentence. It is undisputed that he suffers from a number of medical conditions, some of which are likely attributable to the aging process. Moreover, his medical records demonstrate that at least some deterioration in his physical health has occurred while he has been in prison. The pre-sentence investigation report indicated that he suffered from diabetes, hypertension, an enlarged heart, a leg injury, badly swollen feet, kidney issues, and a thyroid problem. Doc. 440 at 9-10. Eight years later, Rodriguez Acosta continues to suffer from the same chronic conditions, *see* Doc. 683-1 at 22-23, 30, but it appears that he has experienced at least some deterioration in health. For example, he was transferred to a medical prison in July 2022 due to problems with ambulation, and he currently uses a wheeled walker and a cane. *See id.* at 25, 43, 51, 168. In recent months he required enhanced care to treat cellulitis in his leg, and he was treated for degenerative arthritis in his left hand. *Id.* at 40, 190. He has also developed thrombocytopenia in the past year. *Id.* at 30.

Nonetheless, Rodriguez Acosta's medical status likely does not qualify under either of the extraordinary and compelling reasons for compassionate release related to age. The records indicate that he remains largely independent in conducting his activities of daily living. *Id.* at 82. As a result, he has not established a medical circumstance in which the aging process diminishes a defendant's ability to provide self-care in prison. *See* U.S.S.G. § 1B1.13(b)(1)(B)(iii). With respect to the extraordinary and compelling reason of age itself, it is not apparent that the deterioration in Rodriguez Acosta's physical health is severe enough to qualify as

"serious" within the meaning of U.S.S.G. § 1B1.13(b)(2), given that he was already in poor health at the time of sentencing.

Even if Rodriguez Acosta had established that his age was an extraordinary and compelling reason for compassionate release, however, the Court finds that the § 3553(a) factors continue not to weigh in favor of release. *See* Doc. 638 (denying previous motion for compassionate release, in part because of § 3553(a) factors).[4] The Court took Rodriguez Acosta's age and medical conditions into account when it sentenced him well below the Guidelines range, while acknowledging that the sentence it was imposing might, due to his age, result in incarceration for the rest of his life. *See* Doc. 581 at 16 ("It's, of course, not my intent to impose a life sentence because this crime doesn't warrant a life sentence; but given your age, you might very well be in custody for the rest of your life."). At this point, Rodriguez Acosta has served only half of the imposed sentence. Further, the offense was particularly serious, *see id.* at 15 (describing the quantity of drugs involved as "astronomical"), as was Rodriguez Acosta's role in it. Yet, despite Rodriguez Acosta's role as the captain of the ship, he received the same sentence as the three co-defendants who were tried with him. *See* Docs. 456, 459, 467 (imposing sentences of 235 months).[5] The Court

---

[4] Acosta also contends that his ineligibility for early release benefits due to his immigration status contributes to an extraordinary and compelling reason that warrants compassionate release. Doc. 683 at 6. Under the specific circumstances of this case, the Court does not find that this factor, alone or in combination with others, constitutes an extraordinary and compelling reason. Even if it did, however, the Court's finding regarding the § 3553(a) factors would preclude compassionate release.

[5] Acosta argues that there is an unwarranted disparity between his sentence and that of his other codefendants, who received sentences of 63 months. *See* Doc. 683 at 7; Docs. 407, 411,

acknowledges Rodriguez Acosta's statement that he has participated in every possible educational program in prison and has not incurred any incident reports, Doc. 683 at 9, and it encourages him to continue his positive conduct. In all, however, the § 3553(a) factors do not support a reduction in his sentence at this time.

Accordingly, it is **ORDERED**:

1. Defendant Juan Rodriguez Acosta's Motion for Compassionate Release (Doc. 683) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 3, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

415, 423. However, each of those defendants pleaded guilty and the Government moved to recognize his substantial assistance to the Government pursuant to Fed. R. Crim. P. 5K1.1. Docs. 406, 410, 414, and 422. Acosta's circumstances are more akin to the codefendants who went to trial, did not cooperate, and received the same sentence that he did. His argument regarding a sentencing disparity is therefore unavailing.